UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| FIRST HORIZON HOME LOAN CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>STEPHEN J. PIETTE,<br><br>Defendant. | Civil Action No. 05-262 (ML) |

**PLAINTIFF FIRST HORIZON'S UNOPPOSED MOTION TO STAY ALL ACTIVITY**

Plaintiff First Horizon Home Loan Corporation ("First Horizon") hereby moves to stay all activity in the above captioned matter. Because it is possible that the Defendant in this action could be included as a member of a nation-wide class asserted in *McKenna et al. v. First Horizon Home Loan Corporation*, CA No. 04-10370(RCL)/(JGD), a case pending in the District of Massachusetts, the dictates of judicial economy recommend a stay in this matter. In support of its motion, First Horizon states as follows:

1. In 2003, Stephen J. Piette ("Defendant" or "Borrower") took out a mortgage refinance loan from First Horizon on his residence at 78 Zachariah Place, Warwick, Rhode Island.

2. On or about June 1, 2005, First Horizon received a Rescission Demand Notice from Defendant's counsel, Christopher Lefebvre, Esq., alleging that First Horizon violated the Federal Truth and Lending Act ("TILA"). (A copy of the Piette Rescission Demand is attached as Ex. B to the Complaint.)

3. First Horizon denies that it violated TILA in any manner with regard to the disclosures provided to Defendant for his loan transaction. In order to respond to Defendant's rescission demand in a timely fashion under TILA, however, First Horizon commenced this declaratory judgment action on June 14, 2005. *See* Complaint; 15 U.S.C. § 1635(b).

4. First Horizon also received two other rescission demands at approximately the same time, by other borrowers also represented by Defendant's counsel. In response to those demands, First Horizon filed similar declaratory judgment actions, *First Horizon v. McDermott* (C.A. 05-263(ML)), and *First Horizon v. Pacheco* (C.A. 05-264(ML)). First Horizon is also moving to stay those actions.

5. The same counsel that represents Defendant represents a putative class in the *McKenna* case in the District of Massachusetts. Currently pending in *McKenna* is a motion to certify two classes of borrowers who received the same type of notice form that is at issue in this case. The two proposed classes are a nation-wide class of borrowers and a Massachusetts subclass of borrowers. *See* definition of proposed classes in *McKenna* Motion for Class Certification. (A copy of the *McKenna* motion, without exhibits, is attached hereto as Ex. A.)

6. During briefing on class certification in the *McKenna* case, Defendant's counsel purported to limit the class to Massachusetts borrowers and to withdraw the request to certify a nation-wide class. Despite Defendant's counsel's concession, however, the District Court of Massachusetts could theoretically still certify the purported national class.

7. Given the pendency of the *McKenna* class proceedings, First Horizon moves to stay all activity in this case. The stay should be in effect at least until the *McKenna* court decides the class motion.

8. First Horizon requests that the stay cover all activity in this action, including any obligation by Defendant's counsel to respond to the Complaint.

9. If a stay is entered First Horizon will agree to notify this Court of any class ruling in *McKenna*, within seven (7) days of that ruling.

10. Defendant does not oppose the relief requested in this motion.

WHEREFORE, First Horizon respectfully requests that the Court grant its motion and stay all activity in this matter until the District of Massachusetts issues its ruling on class certification in the *McKenna* case.

Respectfully Submitted,

FIRST HORIZON HOME LOAN
CORPORATION,

By its attorney,

John B. Daukas (R.I. Bar # 5437)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109
(617) 570-1000

Of Counsel:
James W. McGarry (BBO # 633726)
Daniel J. Pasquarello (BBO # 647379)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109
(617) 570-1000

Dated: July 11, 2005

**Certificate of Service**

I hereby certify that a copy of the foregoing has been served on Plaintiff's counsel, Christopher M. Lefebvre, Esq., by facsimile and First Class Mail, this the 11th day of July, 2005.

John B. Daukas