**IN THE UNITED STATES DISTRICT COURT**
**FOR DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| RALPH G. MCKENNA,<br>GLENROY A. DEANE,<br>ILENE WILGOREN-DEANE,<br>CHRISTOPHER J. LILLIE; and<br>LAURIE A. LILLIE; | ) | |
| Plaintiffs, | ) | 04-10370-RCL |
| v. | ) | |
| FIRST HORIZON HOME LOAN<br>CORPORATION, | ) | |
| Defendant. | ) | |

**PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

Plaintiffs, Ralph McKenna and Laurie Lillie, respectfully request that the Court enter an order providing that this action may proceed on behalf of two classes against defendant, First Horizon Home Loan Corporation.

**Class A** consists of: (a) all natural persons (b) who obtained non-purchase money loans that were secured by their residences, (c) on or after April 1, 2003, (d) for purposes other than the initial construction or acquisition of those residences, (e) where the person received a document in the form represented by Exhibit D.

**Class B** consists of: (a) all natural persons (b) who obtained non-purchase money loans that were secured by their Massachusetts residences, (c) on or after April 1, 2003, (d) for purposes other than the initial construction or acquisition of those residences, (e) where the person received a document in the form represented by Exhibit D.

In support of this motion, plaintiffs state:

**NATURE OF THE CASE**

1. This action complains of violations of the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226, as well as their Massachusetts counterparts (Mass. G.L. ch. 140D and implementing regulations) and Mass. G.L. ch. 93A.

2. On June 25, 2003, Mr. McKenna obtained a $244,600 mortgage loan from First Horizon for the purpose of refinancing prior debts incurred for family, household or personal purposes. The loan was used to pay off a prior mortgage loan not made by First Horizon.

3. In connection with the June 25, 2003 transaction, Mr. McKenna signed or received a notice of right to cancel represented by Exhibit D, attached hereto.

4. On August 27, 2003, the Lillie plaintiffs obtained a $112,500 mortgage loan from First Horizon for the purpose of refinancing debts incurred for personal, family or household purposes.[1] Most of the loan was used to pay off a prior mortgage loan not made by First Horizon.

5. In connection with the August 17, 2003 transaction, the Lillie plaintiffs signed or received a notice of right to cancel represented by Exhibit L, attached hereto.

6. The form of Exhibit L is similar to that of Exhibit D.

7. Mr. McKenna and the Lillie plaintiffs' notice of right to cancel is prepared using the wrong form. The nonstandard form used in both (a) transactions in which First

---

[1] Simultaneously, the Lillie plaintiffs also obtained a $9,600 home equity line of credit from First Horizon. This loan is not at issue in this case.

Horizon is refinancing a loan made by someone other than First Horizon and (b) transactions in which First Horizon is refinancing a prior loan made by First Horizon. Exhibits D & L purport to apply in both circumstances.

8. Exhibits D & L state that "For new transaction s involving us, if you cancel the new transaction, your cancellation will apply only to the increase in the amount of credit. It will not affect the amount that you presently owe or the mortgage lien, or security interest we already have on your home."

9. This is confusing because there is no explanation of what a "new transaction involving us" might be. The limited right to rescind, applicable to the additional amount of the new loan, applies where a loan issued by creditor A is refinanced by creditor A. This distinction is not apparent on First Horizon's form.

10. Exhibit D is a standard form documents issued in connection with numerous transactions, as evidenced by the form numbers at the bottom of the document.

11. On information and belief, First Horizon uses the form represented by Exhibit D on transaction in which it is refinancing a loan made by someone other than First Horizon.

12. Each of the transactions described above violated 15 U.S.C. § 1635, 12 C.F.R. § 226.23, Mass. G.L. ch. 140D, § 10, 209 CMR 32.23 and Mass. G.L. ch. 93A.

**CLASS CERTIFICATION REQUIREMENTS**

13. The class members are so numerous that joinder of all members is impractical. Defendant has stipulated to numerosity. Additionally, it is reasonable to infer numerosity from the fact that Exhibits D and L to the Amended Complaint are standard forms,

used regularly in numerous transactions by First Horizon. Thus, the numerosity requirement has been satisfied.

14. There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members. The principal issues are:

a. Whether First Horizon had a practice of issuing the form notice of right to cancel exemplified by Exhibit D in connection with the refinancing of loans made by someone else;

b. Whether doing so violates TILA;

c. Whether the TILA violation is a violation of Mass. G.L. ch. 93A.

15. Plaintiffs' claims are typical of those of the class members. All are based on the same facts and legal theories.

16. Plaintiffs will fairly and adequately protect the interests of the class. Plaintiffs have retained counsel experienced in handling class actions and actions involving unlawful business practices, including claims under the TILA. Neither plaintiffs nor plaintiffs' counsel have any interests which might cause them not to vigorously pursue this action.

17. Certification of the class under Fed.R.Civ.P. 23(b)(3) is appropriate in that:

a. The questions of law or fact common to the members of the class predominate over any questions affecting only individual members.

b. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, in that:

(1) Congress specifically provided for class actions as the

principal means of enforcing TILA.

(2) Most of the class members do not know about the violation.

(3) Individual actions are not in any event economically feasible.

(4) The violation involves a legal dispute over standard form documents.

Respectfully submitted,

Christopher Lefebvre
Christopher M. Lefebvre

Christopher M. Lefebvre
CLAUDE LEFEBVRE, P.C.
P.O. Box 479
Pawtucket, RI 02862
401-728-6060
401-728-6534 (FAX)
Mass. BBO No. 629056

Daniel A. Edelman
Heather A. Piccirilli
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)