UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RALPH G. McKENNA, )
GLENROY A. DEANE, )
ILENE WILGOREN-DEANE, )
and LAURA A. LILLIE, )
Plaintiffs )
)
v. ) C.A. No. 04-10370-RCL
)
FIRST HORIZON HOME LOAN )
CORPORATION, )
Defendant )
)

ORDER ON MOTION FOR CLASS CERTIFICATION

The named plaintiffs have brought this action for rescission and statutory damages alleging violations by the defendant of the Truth In Lending Act, 15 U.S.C. §§ 1601 *et seq.* ("TILA"), the Massachusetts Consumer Credit Cost Disclosure Act, Massachusetts General Laws c. 140D ("MCCCDA") and Massachusetts General Laws ch. 93A. The plaintiffs seek certification of a plaintiffs class which they define as (a) all natural persons (b) who obtained non-purchase money loans that were secured by their Massachusetts residences (c) on or after April 1, 2003, (d) for purposes for other than the initial construction or acquisition of those residences (e) where the person received a [notice of right to cancel] in the form of Exhibit D attached to the Amended Complaint. I referred the motion to Magistrate Judge Judith Gail Dein for a report and recommendation ("Report"). Judge Dein issued her Report on November 10, 2005. In it she recommended that a plaintiffs' class, narrower than that originally requested, be certified as follows:

> All natural persons who obtained non-purchase money loans from First Horizon Home Loan Corporation on or after April 1, 2003 and who

> received a Notice of Right to Cancel in the form represented by Exhibit D to the Amended Complaint where (1) the loans were secured by the borrower's Massachusetts residence; (2) the loan was for purposes other than the initial construction or acquisition of the residence; and (3) all or part of the loan proceeds were used to refinance a loan made by someone other than First Horizon Home Loan Corporation, which prior loan was secured by an interest in the Massachusetts residence.
>
> The class shall not include any person whose legal right to rescind has been extinguished for any reason, including by written waiver of the right to rescind, the sale or transfer of all ownership interests in the property that served as security for the loan transaction, or by foreclosure, personal bankruptcy, or other loan workout settlement.
>
> The declaratory judgment sought shall be a "declaration that any class member who so desires may seek to rescind their transaction."

Report at 27.

Thereafter on November 28, 2005, the defendant moved to clarify the Report so as to exclude from the recommended class persons whose loans had been extinguished by refinancing or payment in full. I referred the motion for clarification to Judge Dein for a further report and recommendation ("Clarification Report"). She issued the Clarification Report on January 6, 2006, recommending that the requested exclusion not be granted. She modified the description of the class, as originally recommended, explicitly to clarify that the exclusion did not apply to persons whose loans had been refinanced or fully repaid.

The defendants objected to both the Report and the Clarification Report. I accept Judge Dein's recommendation and order the certification of the class as she has described it in the Clarification Report. I add the following comments as to one of the issues raised by the defendant in objecting to Judge Dein's recommendation.

One of the arguments originally presented to Judge Dein and now to me by way of objection to her recommendation is that MCCCDA only permits class certification for damages, and not for actions of rescission. Comparing Mass. Gen. Laws ch. 140D § 10 with § 32 of that statute, the defendant argues that "MCCCDA expressly allows for damages classes, but does not similarly provide for rescission classes." Defendant's Rule 72(a) Objections to the Report and Recommendations on Plaintiffs' Motion for Class Certification and on Defendant's Motion for Clarification ("Objection"). Section 10 of MCCCDA, addressing rescission, parallels 15 U.S.C. § 1635, which likewise addresses rescission, (although there are differences in the two statutes not relevant to the present issue). In like manner § 32 of MCCCDA, which addresses damages, parallels 15 U.S.C. § 1640. Section 32 contains a reference to class actions; § 10 does not, just as 15 U.S.C. § 1640 refers to damages and § 1635 does not.

The defendant correctly points out that courts construing provisions of MCCCDA may look to TILA and its case law for guidance. Objection at n.6 (*citing Mayo v. Key Fin. Servs., Inc.*, 678 N.E. 2d 1311, 1313 (Mass. 1997). The defendant then argues that Congress amended TILA in 1974 "to permit class actions in damages cases, but it left the separate rescission provision undisturbed, and in later amendments never added class action language to the rescission provision." *Id.* (*citing Jefferson v. Security PAC. Fin Servs.*, 161 F.R.D. 63, 68 (N.D. Ill. 1995)). The argument thus concludes, on the basis of a familiar statutory construction canon, that "[w]here the legislature acted to provide class relief in the provision permitting statutory damages, but not in the provision permitting rescission, this Court must conclude that the legislature did not intend to permit recision class actions." Objection at 7.

The unspoken premise of the defendant's argument is that Congress acted with a single intention in amending the damages provision in §1640 in 1974: adding a reference to class actions in § 1640 and omitting such a reference in § 1635, with the purpose of allowing class actions in the one, but not the other. The defendant proceeds from a mistaken premise. Section 1640 does indeed impose liability in damages for lenders failing to provide the notices required by that section of TILA. *See* 15 U.S.C. §1640(a)(2). Statutory damages for individual claims range from a minimum of $100 to a maximum of $1,000 for consumer actions relating to leases, and from a minimum of $200 to a maximum of $2,000 for credit transactions secured by real property on a dwelling. 15 U.S.C. § 1640(a)(2)(A). The statute specifically limits the damages available in a class action - - currently the lesser of $500,000 or one percent of the net worth of the creditor. *Id.* § 1640(a)(2)(B). All that § 1640(a)(2) does, however, is to recognize that class actions exist and limit the damages recoverable in such actions. In referring to class actions in § 1640(a)(2), Congress was not creating them, but addressing what it perceived to be a problem that they might create, namely staggering damages awards against creditors in class actions for what might be technical violations of TILA:

> A problem has arisen in applying [the] minimum liability provisions in class action suits involving millions of consumers. If each member of the class is entitled to a minium award of $100, a creditor's liability can be enormous
>
> . . .
>
> The purpose of the civil penalties section under [TILA] was to provide creditors with a meaningful incentive to comply with the law without relying upon an extensive new bureaucracy. However, the Committee feels this objective can be achieved without subjecting creditors to enormous penalties for violations which do not involve actual damages and may be of a technical nature.

> Putting a reasonable limit on a creditor's maximum class action liability would seem to be in the best interest of both creditors and consumers.
>
> . . .
>
> The Committee believes the present ambiguities and uncertainties with respect to class action suits under [TILA] should be clarified . . . . As the Committee pointed out on similar legislation last year, 'Most truth and lending violations do not involve actual damages and . . . some meaningful penalty provisions are therefore needed to insure compliance.'
>
> Accordingly, the Committee again decided to place an aggregate limitation on a creditor's class action liability for violations not involving actual damages.

S. Rep. No. 93-278 at 14-15 (1973). Thus, Congress, in amending TILA in 1974, was concerned only with limiting damage recoveries, in recognition of how they might affect a creditor in a given case. As the Third Circuit has said:

> Though the statute clearly contemplates class actions, there are no provisions within the law that create a right to bring them . . . The 'right' to proceed to a class action, insofar as TILA is concerned, is a procedural one that arises from the Federal Rules of Civil Procedure.

*Johnson v. West Suburban Bank,* 225 F. 3d 366, 371 (3d Cir. 2000).

To the extent, then, that the defendant argues that Judge Dein misapplied fundamental principles of statutory construction by recommending the certification of a class under § 1635(a), because that section does not mention class actions, the defendant erroneously compares apples with oranges. The concern that led Congress in 1974 specifically to *limit damages recoverable* in class actions under §1640 is not implicated in TILA provisions for rescission in §1635. Congress appears not to have perceived that rescission poses the same economic threat to the credit industry as class action damages.

With these remarks added, I adopt Judge Dein's recommendations in full and grant in part and deny in part the motion for class certification. Accordingly, as Judge Dein has recommended, the following class will be certified:

> All natural persons who obtained non-purchase money loans from First Horizon Home Loan Corporation on or after April 1, 2003 and who received a notice of right to cancel in the form represented by Exhibit D to the Amended Complaint where: (1) the loans were secured by the borrower's Massachusetts residence; (2) the loan was for purposes other than the initial construction or acquisition of the residents; and (3) all or part of the loan proceeds were used to refinance a loan made by someone other than the First Horizon Home Loan Corporation, which prior loan was secured by an interest in the Massachusetts residents.
>
> The class shall not include any person whose legal right to rescind has been extinguished for any reason, including by written waiver of the right to rescind the sale or transfer of all ownership interest in the property that served as security for the loan transaction, or by foreclosure, personal bankruptcy or other loan workout settlement. However, no person shall be excluded from the class simply because that person has refinanced or paid off the subject loan.
>
> The declaratory judgment shall be 'declaration that any class member who so desires may seek their transaction.'

SO ORDERED.

/s/ REGINALD C. LINDSAY
United States District Judge

DATED: March 31, 2006